## CITY OF MIAMI BEACH v. GOTTFRIED.
### No. 5626.
Circuit Court, Dade County, Criminal Appeal.
April 19, 1965.

Hylan H. Kout, Miami Beach, for appellant.

Joseph A. Wanick, City Attorney, for appellee.

JOE EATON, Circuit Judge.

The defendant below appeals from an adjudication of guilt and entry of sentence against him in the municipal court of Miami Beach, he having been charged with unlawfully permitting alcoholic beverages to be sold to a person under the age of 21 years.

The conviction below turned upon the acceptance into evidence of a letter apparently written by a "criminalist" of the crime detection laboratory of the Metropolitan Dade County Public Safety Department. That letter states that a laboratory analysis "indicates that the fluid . . . contains alcohol at a concentration of 3.0%" and the letter further reads as follows — "It is the opinion of the writer that this fluid is an alcoholic beverage known as beer."

The defendant below, who was not represented by counsel at the trial, apparently made no objection to the introduction of the aforementioned letter. After conviction, the trial court, on post trial motion, was urged to grant a new trial. One of the grounds raised was the receipt of the above letter into evidence. The motion was denied.

The appellee city, in attempting to uphold the adjudication and sentence, stands upon the proposition that objections not raised at trial level cannot be raised on appeal.

Generally speaking, there is merit in the appellee's position. However, as reflected by this record, the only evidence before the court going to the gist of the offense charged (permitting alcoholic beverages to be sold to a minor) was this letter. It is the guts of the city's case. (Incidentally, the importance of testimony of "alcoholic content" to the charge brought against the appellant was recognized by the city when it moved for continuance of an October 3rd trial date and obtained a resetting for the trial for October 10th upon the ground it was not in position to offer evidence of "alcoholic content" on the original date.) Not only is the letter patently hearsay, but it represents the opinion of one whose qualification to render an opinion was never established — within the framework of the letter or otherwise. In short, it was not competent, substantial evidence — even though it was admitted without objection from the accused at the time of the trial in chief.

The sufficiency of the evidence to convict in a matter lying within the area of the criminal law is always before the appellate court. If there could be found within this record substantial evidence to establish the gist of the charge as specified above, it would not be necessary for this court to overturn the adjudication made by the trial judge. If such were the case, the opinion of the "criminalist" would be harmless. However, there is none.

What some label as "technicalities" in the field of the criminal law, stand, in fact, as constitutional guarantees of due process of law. When a citizen's liberty is at stake, the onus lies upon the governmental authority to present competent, substantial evidence of the violation of each of the essential elements of the offense charged.

Fundamental error appears here. Justice requires that a new trial be afforded the appellant.

Therefore, the adjudication and sentence entered against the appellant on October 10, 1963 in the municipal court in and for the city of Miami Beach (trial docket case no. 116702) is reversed, and this cause is remanded for a new trial.